**DODD v. PEAK, Superintendent of Washington Asylum and Jail.**

**No. 5285.**

Court of Appeals of District of Columbia.

Argued Jan. 9, 1931.

Decided Feb. 2, 1931.

Motion for Rehearing Denied Feb. 14, 1931.

J. A. O'Shea and J. H. Burnett, both of Washington, D. C., for appellant.

Leo A. Rover and William A. Gallagher, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District quashing a writ of habeas corpus, dismissing the petition therefor, and remanding appellant to the custody of appellee.

Appellant was convicted in the Police Court of the District of a first offense of possessing intoxicating liquor in violation of the National Prohibition Act, sentenced "to pay a fine of $300.00, and in default to be imprisoned in Jail for the term of 60 days." Appellant defaulted in the payment of the fine and was committed to jail. On the same day he procured the issuance of a writ of habeas corpus and was released on bond pending hearing.

Under section 29, title 2, of the National Prohibition Act (October 28, 1919, 41 Stat. 305, 316 [U. S. Code, tit. 27, § 46, 27 USCA § 46]), appellant was subject to a fine of not more than $500.

The District Courts of the United States, including the Supreme Court of the District of Columbia, may, in default of payment of a fine, commit a defendant to jail until the fine is paid. Ex parte Jackson, 96 U. S. 727, 737, 24 L. Ed. 877; Pierce v. United States, 255 U. S. 398, 401, 41 S. Ct. 365, 65 L. Ed. 697; Ex parte Barclay (C. C.) 153 F. 669, 670; Troy v. United States (C. C. A.) 288 F. 851; Wagner v. United States (C. C. A.) 3 F.(2d) 864. Under sections 155 and 165, tit. 18, D. C. Code (respectively section 48, D. C. Code, 1924, and section 44, as amended by the Act of March 3, 1925, 43 Stat. 1119, 1120, § 4), the Police Court of the District may, in default of payment of a fine, "commit the defendant for such a term as the court thinks right and proper, not to exceed one year." It thus appears that while other courts of the United States may commit for an indefinite period a defendant in default of payment of a fine, the Police Court of the District is limited to one year.

By section 152, tit. 18, D. C. Code, the Police Court of the District is clothed with original jurisdiction concurrently with the Supreme Court of the District, except where otherwise expressly therein provided, "of all crimes and offenses committed in the said District not capital or otherwise infamous and not punishable by imprisonment in the penitentiary," with certain exceptions not here material. The offense for which appellant was prosecuted was within this grant of jurisdiction.

But it is contended that section 641, tit. 18, U. S. Code [18 USCA § 641] (sections

1042 and 5296, Rev. St.), authorizing "any court of the United States" to discharge indigent convicts after thirty days' imprisonment for nonpayment of fine, is inconsistent with and, therefore, supersedes sections 155 and 165, Tit. 18, of the D. C. Code.

■ The Police Court, as we have seen, had jurisdiction to try appellant and fine him. It is manifest, we think, that appellant, in any view of the case, would be subject to imprisonment for a period of thirty days. Since he has not served out so much of the sentence as it was concededly within the power of the Police Court to impose, he has no standing here. In re Swan, 150 U. S. 637, 653, 14 S. Ct. 225, 230, 37 L. Ed. 1207. In that case the sentence of the court was that Swan be imprisoned "until he returns to the custody of the receiver the barrel taken by him from the warehouse without warrant of law; and, when that has been surrendered, that he suffer a further imprisonment thereafter in said county jail for three months, and until he pay the costs of these proceedings." The court said: "As the prisoner has neither restored the goods, nor suffered the imprisonment for three months, even if it was not within the power of the court to require payment of costs, and its judgment to that extent exceeded its authority, yet he cannot be discharged on habeas corpus until he has performed so much of the judgment, or served out so much of the sentence, as it was within the power of the court to impose." The decision in that case is controlling here.

Whether, therefore, the provisions of section 641, tit. 18, U. S. Code (18 USCA § 641), may be invoked by a defendant who has been committed to jail by the Police Court of the District in default of payment of a fine, is not before us.

The judgment is affirmed.

Affirmed.