**POPE v. HUFF et al.**

No. 7690.

United States Court of Appeals for the District of Columbia.

Argued Dec. 5, 1940.

Decided Jan. 21, 1941.

James A. Cobb, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Arthur J. McLaughlin, Charles B. Murray, and Bernard Margolius, Asst. U. S. Attys., all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

GRONER, C. J.

In the latter part of 1937 appellant was twice indicted for crimes committed in the District of Columbia. Indictment No. 60656 charged him with a robbery in April, 1937, and No. 60925 charged him in two counts, (1) with an assault with intent to commit robbery in September; (2) with attempted robbery on the same occasion. Appellant was first tried on indictment No. 60925 and found not guilty on the first count and guilty on the second count. One week later he was tried and convicted on the former indictment. On February 18, 1938, sentence was imposed in No. 60656 for a term of three to fifteen years in the penitentiary, and on the second count of No. 60925 for a term of six months to three years, to take effect at the expiration of sentence imposed in No. 60656. No appeal was taken in either case.

Appellant was committed to the District of Columbia Reformatory at Lorton, Virginia, where he is now confined.

On February 17, 1940, appellant filed in the court below a petition for a writ of habeas corpus. The United States filed a return, and on March 4, 1940, the writ was discharged and the petition dismissed.

The sentence in No. 60656 is assailed on the single ground that there was not sufficient evidence introduced to support the verdict of guilty, and in No. 60925, on the ground that the defendant, having been acquitted on the first count charging assault with intent to commit robbery, should have been acquitted on the second count charging attempted robbery, to avoid double jeopardy for the same offense, and also on the further ground that defendant was not confronted with the witnesses who testified against him.

As to the ground alleged in No. 60656, it is enough to say that sufficiency of the evidence to support a conviction is not jurisdictional and is not open to review in habeas corpus proceedings. Harlan v. McGourin, 218 U.S. 442, 448, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849; see Bowen v. Johnson, 306 U.S. 19, 23, 59 S.Ct. 442, 83 L.Ed. 455. It is fair to say, however, that on the record before us we should be unable to say that the evidence presented at the trial of this indictment was insufficient, even if the question were open.

Since appellant is now lawfully in custody under indictment No. 60656 and

is not being detained under the sentence imposed under the second count in No. 60925, application for release under the second sentence is premature. Habeas corpus may be sought only to effectuate a prisoner's immediate release, and not to test the legality of imprisonment at some future time. Hence we may not consider the validity of the sentence under No. 60925. See McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, and the same rule applied in Dodd v. Peak, 60 App.D.C. 68, 47 F.2d 430; Johnson v. Aderhold, 5 Cir., 73 F.2d 102; Colson v. Aderhold, 5 Cir., 73 F.2d 191; McNealy v. Johnston, 9 Cir., 100 F.2d 280; Reger v. Hudspeth, 10 Cir., 103 F.2d 825; Kelly v. Aderhold, 10 Cir., 112 F.2d 118.

Affirmed.