**AMMONS v. KING, Warden.**
**No. 12375.**

Circuit Court of Appeals, Eighth Circuit.
Feb. 3, 1943.

Arnold William Ammons, appellant, pro se.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal in forma pauperis from an order of the United States District Court for the Western District of Missouri, denying appellant's petition for a writ of habeas corpus. Appellant is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, serving two consecutive sentences of five years each imposed by the United States District Court for the Western District of Louisiana on May 17, 1938, upon an indictment charging him on seven counts, with breaking into the United States Post Office at Crowley, Louisiana, with intent there to commit larceny of stamps and other valuables, with the theft of money and stamps, with the theft of certain pieces of registered mail, and with a conspiracy with certain others to commit the offenses mentioned. The appellant was represented by counsel in the habeas corpus proceedings in the district court, but he prosecutes his appeal here pro se, without a request to this court for the appointment of counsel.

In his petition for habeas corpus appellant makes the following allegations:

On his arrest by post office inspectors in Texas, he was advised by the arresting officers that if he would consent to return to Louisiana and enter a plea of guilty to the charge of breaking into the post office at Crowley, no other charges would be filed against him, and that he would receive a sentence of five years, the maximum sentence permitted on this charge. Appellant accepted the offer of the post office inspectors and, in reliance on that agreement, accompanied them to Louisiana where on May 16, 1938, the day after arrival, he and a co-defendant were arraigned in the United States District Court.

The case of appellant's co-defendant was first called, the district attorney advising the court that he was charged with breaking into the post office at Crowley. On a plea of guilty the co-defendant was sentenced to three years' imprisonment. Appellant's case then being called, government counsel stated to the judge that appellant was held on the same charge as his co-defendant. On inquiry of the judge, appellant entered a plea of guilty to the charge stated. But before the judge could pronounce sentence, the district attorney asked leave to read to the court the indictment which had that day been returned against the appellant. This was done and to appellant's surprise, he learned for the first time that he had been indicted on seven counts as stated above.

Following the reading of the indictment the district attorney presented a telegram from a post office inspector, in which it was stated that appellant was a dangerous character and planned to kill another person held on the same charge. He also called two women before the judge who made unsworn statements to the same effect. The judge inquired of government counsel as to what sentence he could impose on each of the counts of the indictment. To this counsel replied that he would have to make an investigation before answering the judge's question. Appellant at this

point requested the judge for permission to make a statement, it being his intention and desire at the time to advise the court of his agreement with the post office inspectors, and that he had entered a plea of guilty only to the first count of the indictment, as well as to tell the judge that until the indictment was read he had never been advised of the charges against him. The judge ordered appellant removed from the court room and refused to hear him.

A short time later appellant was returned to the court room where the district attorney advised the judge that he could sentence appellant to five years on each of the first six counts of the indictment and two years on the seventh count. Appellant was then sentenced to imprisonment for five years on each of the first and second counts of the indictment, the sentences to run consecutively. Sentence was suspended on the remaining five counts and appellant was placed on probation for five years.

In substance appellant charges that he was without counsel at the time of his sentence and conviction; that he had not waived his right to assistance of counsel; that he had not seen the indictment against him or been informed of the charges against him before his plea of guilty; that in entering the plea he relied upon the statement of the post office inspectors that he was charged only with breaking into a post office; that the first information he had to the contrary was the reading of the indictment after he had entered his plea upon the mistaken assumption stated; that if he had been advised of the nature of the charges against him he would not have entered a plea of guilty; that his plea under the circumstances was obtained through deceit and fraud of government officials on whom he relied and, in fact, was no plea, since at the time it was made he had no information of the nature of the charges against him and no opportunity to be informed concerning them.

■ Beyond question, if appellant's allegations are true, he was denied his constitutional rights by the district court in which sentence was imposed upon him. In Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859, where in essential matters the facts involved were the same as in this case, the court said that real notice by a defendant of the charges against him is "the first and most universally recognized requirement of due process." There, as appellant claims here, the defendant, without knowledge of the nature of the charge against him, had been induced by the prosecuting officers to enter a plea of guilty and had received at the hands of the court a sentence greatly in excess of that which had been promised.

■ The appellant asserts that the evidence adduced at the hearing upon his petition required findings that the allegations of the petition were true, and entitled him to the entry of an order releasing him from custody; and that, therefore, this Court should reverse the order appealed from. The record on appeal does not contain the evidence taken at the hearing, and we cannot accept, in lieu of such evidence, the appellant's assertions as to what it consisted of. From what the appellant says in his brief, it appears that the testimony which he gave in support of the allegations of his petition was uncontradicted, and he is of the opinion that where evidence is not controverted it must be accepted as true. In this he is mistaken. The credibility of a witness and the weight of his evidence, even though uncontradicted, are usually for the trier of the facts to determine, and one of the factors to be considered in the weighing of evidence is the self-interest of the witness who gives it. See and compare Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440, 444, and cases cited. See also Mothershead v. King, 8 Cir., 112 F.2d 1004, 1006.

■ It is obvious that this Court cannot determine whether the findings and order made by the trial court in this case are or are not contrary to the evidence, unless the evidence is included in the record on appeal. Therefore, if we were required to decide this case upon the present record, we should have to affirm the order appealed from. But we have no desire to prevent the appellant from having a complete review of his case if he desires such a review. It is apparent that in such a situation as this the proper course to pursue is to afford the appellant an opportunity to obtain a record or bill of exceptions which will enable this Court to review all questions presented. See Miller v. United States, 63 S.Ct. 187, 87 L.Ed. —— (decided December 7, 1942).

It is therefore ordered that the appellant shall have ninety days from the date of the filing of this order within which to procure

a proper bill of exceptions. The attorney who represented the appellant in the trial court, the district attorney who appeared for the respondent, and the trial judge who made the order appealed from, are requested to assist the appellant in procuring and having settled and allowed by the trial court a proper bill of exceptions containing all of the evidence which was adduced at the hearing in the court below and which formed the basis of the order appealed from. When and if the appellant shall procure and file in this Court such a bill of exceptions, the case shall be deemed resubmitted upon the briefs now on file and such supplemental briefs as either party, within thirty days after the filing of the bill of exceptions, shall submit.

If the appellant shall notify this Court in writing that he does not desire to procure a bill of exceptions containing the evidence, or if he shall fail to procure and file such a record on appeal within ninety days or within such further time as this Court may, for good cause, allow, then the order appealed from shall stand affirmed upon the present record.