## AMMONS v. KING, Warden.
### No. 12375.

Circuit Court of Appeals, Eighth Circuit.
Aug. 31, 1943.

Lon S. Haymes, of Springfield, Mo., for appellant.

Otto Schmid, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before STONE, SANBORN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On the first appearance in this court of this appeal from a judgment denying appellant's petition for a writ of habeas corpus, this case was remanded to the district court in order to give the appellant an opportunity to include in the record on appeal the evidence taken at the trial in the district court. 133 F.2d 270. The completed record is now before us.

Appellant is detained under a sentence imposed by the United States District Court for the Western District of Louisiana on May 16, 1938, upon his plea of guilty to an indictment charging him in seven counts with breaking into a post-office with intent to commit larceny of stamps and other valuables, with the theft of money and stamps, with the theft of certain pieces of registered mail, and with a conspiracy with certain others to com-

mit the offenses mentioned. In Count One of the indictment appellant was charged with forcibly breaking into the postoffice. In Count Two he was charged with the theft of money and stamps belonging to the Postoffice Department of the United States at the time of the unlawful breaking into the postoffice charged in the first count. Appellant was sentenced to imprisonment for five years on each of the first and second counts of the indictment, the sentences to run consecutively. Sentence was suspended on the remaining five counts, and appellant was placed on probation for five years.

As grounds for the writ appellant alleges that at the time of his plea of guilty he had not seen the indictment against him, nor been informed of the charges contained in it; that he was not represented by counsel; that he entered the plea of guilty relying upon the statements of postoffice inspectors that he was charged only in one count with breaking into the postoffice; that his first information to the contrary was received when the district judge imposed the sentence upon him; that his plea of guilty under the circumstances was obtained through deceit and fraud of government officials on whom he relied; and that the judge who sentenced him refused to permit him to withdraw his plea of guilty or to explain that it had been entered under the mistaken assumption above stated. Appellant also contends that the sentence against him is void for uncertainty; that the sentence imposed on the second count of the indictment is void because greater than the maximum allowed by law and because the crimes charged in the first and second counts of the indictment are in fact only one crime; and that the court erred in imposing consecutive instead of concurrent sentences. We have considered each of appellant's contentions and find no merit in any of them.

 With regard to his contention that his plea of guilty was induced by the fraud and misrepresentation of the postoffice inspectors, appellant proceeds upon the erroneous theory that, since he testified at the hearing below in support of these allegations of his petition and since the Government produced no witness to deny his statements, the uncontradicted evidence entitled him to a finding sustaining this contention. In this, appellant is clearly in error. His credibility as a witness was for the trier of the facts. It can not be said that his testimony was that of a disinterested witness or that it was free from inherent improbabilities. The record of appellant's indictment, arraignment, plea, and sentence in the district court was introduced in evidence, and is upon its face in all respects regular and valid. The judgment attacked here imports absolute verity and can not be lightly set aside even in a proceeding for habeas corpus. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It also appears from the evidence that shortly after his conviction and sentence the appellant addressed to the judge of the court in which he was sentenced two separate letters in which he asked for a reduction of his sentence, but in neither of these letters did appellant refer to the grounds now advanced for the illegality of his sentence, a circumstance difficult of explanation, in view of his present claim. Appellant did not testify that he asked for counsel to represent him or that he was unaware of his right to such representation. Nor does appellant deny his guilt on any of the counts of the indictment against him. On the contrary, he confesses to a past record of violations of the law, which, in his judgment, prevented the possibility of his consideration for parole. In such circumstances, it can not be said that the trial judge was compelled to accept as true appellant's version of the circumstances attending his plea of guilty and sentence in the district court. Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440, 444; and see Mothershead v. King, 8 Cir., 112 F.2d 1004, 1006.

 Appellant's other contentions require little discussion. Habeas corpus may not be used as an appeal to correct errors occurring in the trial at which the judgment of conviction is rendered, nor to revise or modify the judgment of conviction. McNally v. Hill, Warden, 293 U.S. 131, 138, 139, 55 S.Ct. 24, 79 L.Ed. 238. In a proceeding for habeas corpus, courts consider only questions which concern the legality of petitioner's detention. Appellant's sentence is not void for uncertainty. The imposition of the consecutive sentences upon the first and second counts of the indictment involved here was clearly within the discretion of the trial court. That the first and second counts charged appellant with distinct crimes for which separate sentences were within the power

of the court to impose can no longer be questioned. Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Morgan v. Sylvester, 8 Cir., 231 F. 886, 888. Conceding that the sentence of five years imposed by the court upon the second count of the indictment was excessive because the law authorized a sentence of only three years, it does not follow that the sentence was for that reason void. The legal portion of the sentence can not be attacked in this habeas corpus proceeding. Harlan v. McGourin, 218 U.S. 442, 451, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849. Appellant is still legally detained in custody under the valid and unexpired portion of the sentence in question, and is not entitled to immediate release. Morgan v. Sylvester, supra; Reger v. Hudspeth, 10 Cir., 103 F.2d 825; McNally v. Hill, supra; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Hunt v. Hudspeth, 10 Cir., 111 F.2d 42; Dodd v. Peak, 60 App.D.C. 68, 47 F.2d 430.

The judgment appealed from is affirmed.