**UNITED STATES ex rel. PRUETT v. HIATT, Warden.**

No. 175.

District Court, M. D. Pennsylvania.

July 17, 1944.

Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for William H. Hiatt.

C. A. Pruett, in pro per.

JOHNSON, District Judge.

C. A. Pruett, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania, within the Middle District of Pennsylvania, has filed a petition for a writ of habeas corpus, alleging that a sentence imposed upon him on April 6, 1942 by a general court martial was void. Before the issuance of a rule thereunder, the respondent filed a motion to dismiss for the purpose of having added to the petition certain additional pertinent data; namely, that the petitioner was restrained of his liberty by the respondent under not one, but two sentences, which were imposed in two separate and distinct court-martial proceedings, and was therefore in the custody of respondent for the service of two separate and distinct sentences of twelve years each, to be served consecutively.

The original petition as filed carefully avoided any reference to any additional sentence being served by the petitioner. This Court thereupon directed the petitioner to answer this very pertinent question, and to state whether he was held under two separate and distinct consecutive sentences of twelve years each. The petitioner has now filed a six page answer to the motion to dismiss, in which he avoids any direct answer to the question. The petitioner's attitude is shown by the following excerpt from his answer. He states in paragraphs 2 and 3 thereof:

"2. William H. Hiatt avers that the 'petition does not reveal the fact * * * that said petitioner is restrained of his liberty * * * under the sentence imposed in two separate and distinct court-martial proceedings', but, William H. Hiatt admits that the first court-martial proceeding was held on April 6, 1942, which is the court-martial proceeding spoken of on page 1 of the petition, and is the *only* proceeding involved in the action now before this Honorable Court, and which sentence under military law (Par. 15e, A R 600-375, dated 8 February, 1930) must first be served before the second sentence is effective. It is immaterial that the execution of an additional sentence or sentences is to be carried out at some date twelve years in the future. The motion to dismiss is merely an attempt to becloud the issue as to whether or not your petitioner is entitled to his freedom from the sentence of twelve years which he is now serving.

"3. Your petitioner charges that the motion to dismiss has been filed in bad faith and with the sole purpose in mind of presenting to the Court statements and allegations which have no bearing on the issue and with the ultimate thought in mind of

994

maliciously blackening your petitioner's character in hope of prejudicing the Court when the real issue comes up for hearing.

"The only question before this Honorable Court is whether or not your petitioner is legally confined under the sentence imposed on April 6, 1942, which is the *only* sentence now being served. (see A R 600–375) The fact that your petitioner might be subject to immediate incarceration pursuant to a sentence imposed subsequent to the one in question has no bearing on the legality of his present incarceration and restraint. It would have as much bearing as would an argument that because a petitioner was serving two civil sentences of a year each, running consecutively and imposed on different dates by different courts, that he would be barred from challenging the legality of the first sentence, until after he had completed one or both sentences."

Petitioner further complains of the fact that the rule issued upon him under the caption "United States of America, ex rel. C. A. Pruett, Petitioner, v. William H. Hiatt, Warden United States Penitentiary, Lewisburg, Pennsylvania" instead of as his petition was originally captioned, namely,— "United States of America ex rel. C. A. Pruett, Petitioner, v. Henry Stimson, as Secretary of War; and William H. Hiatt, as warden, United States Penitentiary, Lewisburg, Pennsylvania, their aids, subordinates and whosoever may have custody of the body of C. A. Pruett, Army Serial Number 15061786; Respondents."

■■ In view of the petitioner's answer to the motion to dismiss, the allegations of the respondent as to the imposition of two consecutive sentences must be taken as correct, and it must be concluded that irrespective of any decision on the question raised in his petition, such decision could not in any event result in his immediate release.

"The function of the writ of habeas corpus is to determine whether or not the prisoner is entitled to immediate release, and not to secure the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release." McNealy v. Johnston, 9 Cir., 100 F.2d 280, 281.

"While being detained under the judgment and sentence of one court, petitioner could not challenge by habeas corpus the validity of the judgment and sentence of another court." Kelly v. Aderhold, 10 Cir., 112 F.2d 118, 119.

"It is well settled that the purpose and function of a proceeding in habeas corpus is to determine the question whether a person is being unlawfully detained; that one confined in prison is not entitled to the writ unless he is entitled to immediate release; and that the writ will not issue unless he is presently restrained of his liberty without warrant of law." Macomber v. Hudspeth, 10 Cir., 115 F.2d 114, 116, certiorari denied, 313 U.S. 558, 61 S.Ct. 833, 85 L.Ed. 1519.

In habeas corpus proceedings the Circuit Court of Appeals for the Tenth Circuit stated that " * * * this court will not decide any question which will not result in the immediate release of the petitioner." Schultz v. Hudspeth, 10 Cir., 123 F.2d 729, 732.

■ The petitioner complains because the court has disregarded that portion of the caption of his petition which seeks to make Henry Stimson as Secretary of War a party respondent. There is no jurisdiction on the part of the District Court for the Middle District of Pennsylvania over the Secretary of War; certainly not by service upon him in Washington, D. C.; and the petitioner cannot make the Secretary of War a party respondent merely by inserting his name in the caption of his petition. Transcontinental & Western Air, Inc., v. Farley, Postmaster General, 2 Cir., 71 F.2d 288, certiorari denied 293 U.S. 603, 55 S.Ct. 119, 79 L.Ed. 695; Wilson v. Awalt, D.C.M.D.Pa., 2 F.Supp. 465; Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119. Therefore, that part of the petition attempting to make the Secretary of War a respondent herein, is hereby stricken.

. The petition itself being an attempt to obtain an adjudication on one only of two consecutive sentences, and the petitioner being legally restrained of his liberty and not entitled in any event to immediate release, the petition for writ of habeas corpus must be dismissed.

It is ordered and decreed that the petition for a writ of habeas corpus be, and it hereby is, dismissed and the writ is denied.