**GUTTERMAN v. HIATT, Warden.**

No. 185.

District Court, M. D. Pennsylvania.

April 24, 1946.

Petitioner, pro se.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Lewisburg, Pa., for the Government.

WATSON, District Judge.

Maurice Alvin Gutterman, a prisoner in the United States Penitentiary, Lewisburg, Pennsylvania, filed his petition for writ of habeas corpus attacking the indictment, alleging that he was deprived of assistance of counsel, and making the vague allegation that he was under duress by officials of the United States Government, with reference

to a sentence imposed upon him in the United States District Court for the Western District of North Carolina.

On a motion filed by the respondent seeking a more definite statement of petitioner's position, and also raising the question that petitioner was also restrained under a further consecutive sentence imposed by the United States District Court for the Eastern District of New York, this Court issued a rule on the petitioner to show cause, for the purpose of determining whether the proceedings should be dismissed, as a decision would not in any event entitle him to immediate release, and also for the purpose of compelling the petitioner to file a more specific petition designating the persons and the nature of the acts which he did contend were committed by such persons as constituting duress. Petitioner, thereupon, filed a supplement to the petition also attacking the validity of the proceedings in the Eastern District of New York, but failed to name the person whom he contended had committed the duress. A further order was, thereupon, directed to the petitioner to furnish the necessary information which would enable the respondent properly to answer, and which would enable this Court to determine whether a hearing should or should not be had. The petitioner's attention was called to the fact that he was asking relief on the ground of fraud and deceit, yet that his own attitude carried all the implications of an attempt to deceive and withhold information. It was pointed out by the Court that a writ of habeas corpus is not a game of wits, in which a petitioner is seeking to surprise a respondent at the time of the hearing, but that it was his duty in the filing of his petition to present to the Court such facts as were essential for enabling the Court to determine in the first instance whether the petitioner has a question upon which the Court should pass in a habeas corpus proceeding. A supplemental amendment to the petition was then filed by him in which a Special Agent of the Federal Bureau of Investigation was named. In view of the allegations of fraud and coercion, a rule to show cause issued upon Respondent and a hearing was had.

Petitioner was originally apprehended in Oklahoma and removed to the Western District of North Carolina to answer an indictment there pending against him. In those proceedings he was sentenced, on May 11, 1943, to a term of four years.

While serving the sentence in the United States Penitentiary at Atlanta, Georgia, he was taken to the Eastern District of New York and tried on an indictment returned against him in that District, and upon conviction was sentenced in the United States District Court for the Eastern District of New York to a term of three and one-half years, to be served consecutively to the sentence previously imposed upon him in the Western District of North Carolina. It developed at the hearing that he had previously filed two petitions for writs of habeas corpus with reference to the sentence imposed upon him in North Carolina while in the United States Penitentiary, Atlanta, Georgia. Both petitions were denied and, subsequently, while in detention headquarters in New York, and while the proceedings in the Eastern District of New York were pending, several additional petitions for writs, with reference to the North Carolina sentence, were filed by him and denied.

A number of his contentions pertain to matters which he alleges to have taken place in connection with his removal from Tulsa, Oklahoma, to North Carolina. He is not now in restraint in connection with that removal proceeding and such preliminary proceedings did not affect the jurisdiction of the trial court in the North Carolina District to which he was removed. His present detention is under the sentences duly imposed by the two United States District Courts, and such preliminary proceedings are not properly before this Court in habeas corpus. Snedeker v. United States, D.C.M.D.Pa.1944, 54 F.Supp. 539.

The petitioner alleges that the indictments in both the North Carolina and the New York cases are defective. It is fundamental that defects in an indictment not affecting the jurisdiction of the Court which pronounced the sentence, may not be raised in a collateral attack in habeas corpus proceedings. The question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the Trial Court of jurisdiction. Hastings v. Hudspeth, 10 Cir., 126 F.2d 194, certiorari denied 316 U.S. 692, 62 S. Ct. 1295, 86 L.Ed. 1762.

Habeas corpus will not lie to question the sufficiency of an indictment which, on its face, is within the jurisdiction of

the Court to which it was returned. United States ex rel. Potts v. Rabb, 3 Cir., 141 F. 2d 45; Redmon v. Squier, 9 Cir., 147 F.2d 605. The two indictments which are the subject of attack in the present proceedings do charge offenses and are clearly sufficient.

■ The petitioner's allegation that he was not advised of his right to counsel in the District Court for the Western District of North Carolina is answered by the minutes of the proceedings in the trial court in connection with the imposition of sentence, which specifically set forth: "May 11, 1943. The case is called and the defts. Maurice A. Gutterman and Marion Rappaport Gutterman are present without counsel and before entering a plea, are asked by the Court if they desire counsel and they state to the Court that they do not, whereupon they each enter plea of guilty." Such record entries import verity and are not subject to impeachment in a habeas corpus proceeding. Wall v. Hudspeth, 10 Cir., 108 F.2d 865. However, in view of the petitioner's allegation of duress in connection with his plea of guilty in the Western District of North Carolina, a hearing was had in this court and testimony taken. The petitioner testified in his own behalf and respondent introduced the deposition of an Assistant United States Attorney who was present when petitioner entered his plea and was sentenced, and the Special Agent of the Federal Bureau of Investigation testified at the hearing. It appears from the testimony produced that, when the case was called for trial and the defendant called upon to plead, the Court asked the defendant whether or not he was represented by an attorney, and, upon being advised that defendant was not so represented, told him that the Court would be glad to appoint an attorney for him, if he desired such services, and further pointed out to the defendant that there were a number of attorneys present in the Court Room. The defendant replied that he preferred to handle his own case in his own way. Defendant then, being called upon to plead, made a statement in open court that he had told the Federal Bureau of Investigation all about the case, and that there was nothing left for him to do but plead guilty, which he did. The Court, thereupon, proceeded with a hearing to determine the sentence to be imposed, and it appears that, during such hearing, every consideration was accorded to the defendant by the Court, and defendant was given an opportunity to offer any matters in his own behalf and to make any statement he desired, and defendant did, in fact, make quite a lengthy statement to the Court concerning his case, acting as attorney for himself. There is nothing upon which any finding of duress can be predicated, and the petitioner's contentions in that regard are without merit.

With reference to the proceedings in the Western District of North Carolina, it should be observed that the various questions have already been raised by this petitioner a number of times in habeas corpus proceedings, he having filed two petitions in the Northern District of Georgia in relation thereto, and later three petitions in the Southern District of New York while he was held there awaiting trial on the charges against him in the Eastern District of New York.

■ Although res adjudicata does not apply to petitions in habeas corpus, nevertheless, it has been repeatedly pointed out by the Courts that, although an order dismissing one petition for writ of habeas corpus does not formally estop the relator from suing out another petition on some other grounds, the Court cannot be again and again called upon to repeat its rulings, and the Court in the exercise of sound judicial discretion, guided and controlled by whatever has a rational bearing on the propriety of the discharge sought, may consider and give controlling weight to a prior refusal to discharge on a like petition. Swihart v. Johnston, 9 Cir., 150 F.2d 721, certiorari denied 66 S.Ct. 803; United States ex rel. McCann v. Thompson, 2 Cir., 144 F.2d 604, 156 A.L.R. 240.

■ As to the proceedings in the Eastern District of New York, a somewhat similar situation exists. There, the questions raised were fully adjudicated on appeal in United States v. Gutterman, 2 Cir., 147 F.2d 540, 157 A.L.R. 1221, and no additional facts have been alleged by the petitioner, nor testified to by him at the hearing. Where a Circuit Court of Appeals, in a detailed and exhaustive opinion, as in this case, has resolved against the petitioner the very point which he seeks to raise in a habeas corpus proceeding, such opinion will be followed by this Court. Minnec v. Hudspeth, 10 Cir., 123 F.2d 444, certiorari denied 315 U.S. 809, 62 S.Ct. 797, 86 L.Ed. 1207.

Had the petitioner sought to raise additional matters which were known to him

at the time of his previous proceedings, it might be pointed out that, to reserve various matters for subsequent petitions in habeas corpus, may well be making "an abusive use of the writ of habeas corpus." Swihart v. Johnston, supra [150 F.2d 723]. However, in the instant case, with reference to the proceedings in the Eastern District of New York, there are no matters alleged by him which were not covered in his appeal.

As already stated, petitioner is restrained by reason of two sentences, either of which considered independently, would not as yet have expired; consequently, if any one of the two sentences is valid, he would not be entitled to immediate release. United States ex rel. Pruett v. Hiatt, D.C., 55 F.Supp. 993; Pope v. Huff, 73 App. D.C. 170, 117 F.2d 779, certiorari denied Pope v. Curran, 314 U.S. 669, 62 S.Ct. 134, 86 L.Ed. 535, rehearing denied 314 U.S. 713, 62 S.Ct. 299, 86 L.Ed. 568, rehearing denied 314 U.S. 714, 62 S.Ct. 358, 86 L.Ed. 569.

In the instant case, however, we have considered petitioner's contentions as to both sentences in order that he may be fully advised in relation thereto.

The petition for a writ of habeas corpus is denied, and the rule issued thereon discharged.