## GUTTERMAN v. HIATT et al.
### No. 198.

District Court, M. D. Pennsylvania.
March 13, 1947.

Maurice A. Gutterman, pro se.

Arthur A. Maguire, U. S. Atty., of Scranton, Pa., for the Government.

WATSON, District Judge.

Maurice Alvin Gutterman, the petitioner in the above habeas corpus proceeding, is an inmate of the United States Penitentiary, Lewisburg, Pennsylvania.

The petitioner here attacks the jurisdiction of the United States District Court for the Western District of North Carolina, which sentenced him on May 11, 1943 to four years imprisonment following his plea of guilty to an indictment charging a violation of 18 U.S.C.A. § 415.

Petitioner contends that the checks which he forged, as charged in the indictment, were not securities within the meaning of the National Stolen Property Act, 18 U. S.C.A. §§ 413–419; and, further, that proof was insufficient to support a conviction of the crime with which he was charged in the indictment. Petitioner cites Sheridan v. United States, 6 Cir., 152 F.2d 57 and the Court's construction in that case of Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88, 157 A.L.R. 406.

The Circuit Court of Appeals for the Sixth Circuit, in reversing the judgment of conviction and sentence of the District Court in the Sheridan case, supra, cited and quoted from the decision in the Kann case, supra, as follows (page 58 of 152 F. 2d): "The banks which cashed or credited the checks, being holders in due course, were entitled to collect from the drawee bank in each case and the drawer had no defense to payment. The scheme in each case had reached fruition. The persons intended to receive the money had received it irrevocably. It was immaterial to them, or to any consummation of the scheme, how the bank which paid or credited the check would collect from the drawee bank. It cannot be said that the mailings in question were for the purpose of executing the scheme, as the statute requires."

Certiorari was granted in the Sheridan case, supra, and, on December 23, 1946, in the case of United States of America, Petitioner, v. Paul David Sheridan, 67 S. Ct. 332, 337, the Supreme Court reversed the judgment of the Sixth Circuit Court of Appeals, distinguishing the Kann case, supra, in the following language:

"The Court was not dealing with the transmission of a forged check, certain to be dishonored after the mailing or transportation, or therefore with a situation in which the forbidden transmission was either so likely to result in disclosure of the crime or so obviously intended to provide an interval for escape before that disclosure would be made. * * *

"This is enough to distinguish the Kann case. * * *

. "Nor can we treat forged checks differently from other securities, either because they are forged or because the forgery is done by 'little fellows' who perhaps were not the primary aim of the congressional fire. The statute expressly includes checks.[1] It makes no distinction between large and small operators. * * *

. "A word will dispose of the idea that Sheridan did not 'cause' the transportation. Certainly he knew the checks would have to be sent to the Missouri bank for collection. * * * Necessarily, too, it would follow he intended the paying bank to send the checks there for that purpose. He knew they must cross state lines to be presented. One who induces another to do exactly what he intends, and does so by defrauding him, hardly can be held not to 'cause' what is so done."

This Court has cited verbatim and at length the language of the Supreme Court, partly because the facts are similar to the case at bar, and partly because of the persistence of the petitioner in continuing to file petitions for writs of habeas corpus to the point where he is abusing his rights and privileges. See Gutterman v. Hiatt, Warden, D.C., 65 F.Supp. 285.

Now, March 13, 1947, it is ordered that the prayer of the petition be denied, and that the petition be, and hereby is, dismissed.

---

[1] "(b) The term 'securities' shall include any note, stock certificates, bond, debenture, check, draft," etc. National Stolen Property Act, 18 U.S.C.A. § 414 (b).