### ODDO v. SWOPE.

No. 12912.

United States Court of Appeals Ninth Circuit.

Dec. 17, 1951.

Rehearing Denied Jan. 28, 1952.

John M. Naff, Jr., and Malcolm T. Dungan, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the district court dismissing a petition for a writ of habeas corpus and discharging an order to show cause.

There are two issues on this appeal: (a) the appellant was sentenced on 9 counts of an indictment—10 years each on counts 1 and 2, to run concurrently; 5 years on counts 3–8, to run concurrently with each other but consecutively to the prior sentence; and 1 year and a day on count 9 to run concurrently with prior sentences, for a total of 15 years; and appellant alleges that the sentences on counts 2–8 are void because those counts charge the same crime that count 1 charges; (b) the court below dismissed the petition on the ground it was premature, in that certain good time credits of the appellant had been revoked by a prison board, and the court held it could not look into the propriety of this revocation.

The facts giving rise to the indictment are set out in Swope v. Mugavero, 9 Cir., 188 F.2d 601, which was an appeal by the United States from the denial of its motion to dismiss a petition for a writ of habeas corpus made by one of Oddo's co-defendants. In that case, Mugavero raised the same issues as to counts 3–8 of his indictment as are raised here by Oddo as to counts 2–8 of his indictment. The conviction under the indictment now before us and the total sentence of 15 years should be sustained for the reasons stated by the

court in the Mugavero case. Consequently, it is unnecessary to decide the effect of a prior denial of a motion to vacate the sentence made by Oddo on the same grounds as in this habeas corpus petition. That denial was affirmed by the Second Circuit in Oddo v. United States, 171 F.2d 854.

Deciding then that a total sentence of 15 years is proper, Oddo's petition is premature, even though he were allowed all possible good time credit, since he did not begin his sentence until July 23, 1944. See 18 U.S.C. § 4161. Therefore, we do not reach the question whether the trial judge properly refused to review the revocation of good time credits.

The order is affirmed.