**UNITED STATES ex rel. ALLEN v. UNITED STATES MARSHAL.**

No. 52 C 767.

United States District Court
N. D. Illinois, E. D.
July 21, 1952.

William Gibbons, Warren Carey, Chicago, Ill., for petitioner.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for respondent.

PERRY, District Judge.

The petitioner is now in custody at the Illinois State Penitentiary, Joliet, Illinois, under a judgment of the Criminal Court of Cook County, handed down November 3, 1949, convicting him of receiving and stealing a stolen motor vehicle in which he was sentenced to a term of ten to fifteen years.

On June 22, 1950, the petitioner in case No. 50 Cr. 32, in the United States District Court for the Northern District of Illinois, was sentenced on his plea of guilty to a term of one year and one day on each of five counts of an indictment for possessing, uttering, and conspiring to utter counterfeit obligations of the United States. The aforesaid sentences were to run concurrently and were to commence at the expiration of "the sentence imposed on said defendant in case No. 48–36, People of the State of Illinois v. Maurice Allen * * *".

By this action, the petitioner seeks to establish that this judgment order is null and void for ambiguity.

The petition, on its face, reflects that the petitioner is presently confined under a judgment of the Criminal Court of Cook County and not under the judgment of the U. S. District Court. Custody under the latter judgment will not take effect until the expiration of the present State sentence.

■ The function of the writ of habeas corpus is to determine whether or not the prisoner is entitled to immediate release, and not to secure the judicial decision of a question, which even if determined in the prisoner's favor, could not result in his immediate release. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L. Ed. 238. Habeas corpus may be sought only to effectuate a prisoner's immediate release, and not to test the legality of imprisonment at some future time. Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779, certiorari denied 314 U.S. 669, 62 S.Ct. 134, 86 L.Ed. 535, rehearing denied 314

U.S. 713, 62 S.Ct. 299, 86 L.Ed. 568, rehearing denied 314 U.S. 714, 62 S.Ct. 358, 86 L.Ed. 569. Any attempt, therefore, to test judicially the validity of a judgment order, under which a prisoner is not yet confined, is premature. Such is the case before the bar.

Accordingly, the writ must be discharged and the petition must be dismissed.