John LEE, Appellant,

v.

E. B. SWOPE, Warden, United States Penitentiary, Alcatraz, California, Appellee.

No. 14608.

United States Court of Appeals Ninth Circuit.

Sept. 14, 1955.

Charles Upton Shreve, Carl L. Rhoads, Detroit, Mich., Jack L. Blaine, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, ORR, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

The district court's [1] order here appealed from is as follows:

"Ordered that petitioner's petition for a writ of habeas corpus be and the same is hereby dismissed without prejudice, and the order to show cause heretofore issued out of this Court is hereby discharged." (Dated and filed October 22, 1954.)

The district court refused relief because the petition for the writ reveals upon its face that even if the petitioner's attack upon the validity of his conviction by a United States [Army] Court Martial was upheld, it would not act to release the petitioner from custody, since he is also being held under a former unexpired sentence, the validity of which is not attacked.

Petitioner claims he has been denied "due process" under the Fifth and Sixth Amendments to the United States Constitution, in that the first, or valid sentence, will not expire for around six years and that he may be prejudiced if the validity of the second sentence is not inquired into promptly. The basis for the claim of invalidity is that petitioner was tried by a United States [Army] Court Martial after petitioner had been restored to civilian status, for an alleged offense committed while he was a member of the United States Army.

Petitioner seeks to bolster his claim that the district court should have taken jurisdiction and decided the merits of it, by citing Gutterman v. Hiatt, D.C.Pa. 1946, 65 F.Supp. 285, and U. S. ex rel. Pruett v. Hiatt, D.C.1944, 55 F.Supp. 993. Neither of these cases supports the claim. In fact, they are directly against it. It is true the court in the Gutterman case, 65 F.Supp. at page 288, said:

"'* * * [it] considered petitioner's contentions as to both sentences in order that he may be fully advised in relation thereto."

The ruling on the point of using habeas corpus in the circumstances was, however, as follows:

"As already stated, petitioner is restrained by reason of two sentences, either of which considered independently, would not as yet have expired; consequently, if any one of the two sentences is valid, he would not be entitled to immediate release." [Citing numerous authorities.] 65 F.Supp. 285, 288.

This court has held to the principle stated in the quotation, in the following cases: Ex parte Melendez, 9 Cir., 1938, 98 F.2d 791; McNealy v. Johnston, 9 Cir., 1938, 100 F.2d 280; Dunlap v. Swope, 9 Cir., 1939, 103 F.2d 19; Demaurez v. Squier, 9 Cir., 1941, 121 F.2d 960; Graham v. Squier, 9 Cir., 1944, 145 F.2d 348; McDonald v. Johnston, 9 Cir., 1945, 149 F.2d 768; Oddo v. Swope, 9 Cir., 1951, 193 F.2d 492; Woollomes v. Heinze, 9 Cir., 1952, 198 F.2d 577.

The Supreme Court of the United States has definitely settled the question

1. United States District Court for the Northern District of California, Southern Division.

in McNally v. Hill, 1934, 293 U.S. 131, 137, 55 S.Ct. 24, 27, 79 L.Ed. 238, wherein it says:

"There is no warrant in either the statute or the writ for its use to invoke judicial determination of questions which could not affect the lawfulness of the custody and detention, and no suggestion of such a use has been found in the commentaries on the English common law."

The judgment is affirmed.