DREW, Chief Justice.
.Petitioner,, Irvin Hitson, applied for writ of habeas Corpus on grounds that the judgment and five year sentence imposed upon him was void because imposed under Section 843.11, F.S.1951, F.S.A., whereas the information was drawn under Section 843.-12, F.S.1951, F.S.A. We issued the writ.
Respondent has filed a return alleging that the present detention of petitioner is under a judgment and five: year sentence of the Criminal Court of Record of Hills-borough County, entered March 16, 1953, and that serving of this sentence with gain time deducted ’ could not expire until February 23, 1957. Certified copy of the judgment, and, sentence wa.s attached to the re^ turn. , •
Because this return is uncontrovert-ed we accept the allegations as true in absence of evidence otherwise. Moat v. Mayo, Fla., 82 So.2d 591. Moreover, the judgment and five year sentence about which petitioner Complains was entered September 30,-1954 and provides that it should begin "at the expiration of sentence you, are now-serving-..”
Petitioner does not complain of the intervening sentence which he is now serving. Therefore, even a favorable decision would not effect his release at this time. Under these circumstances, the application for habeas corpus is premature. Hall v. Mayo, Fla., - So.2d -; Pope v. Huff, 73 App.D.C. 170, 117 F.2d 779. See 39 C.J.S., Habeas Corpus, § 13, p. 443. The petitioner is remanded.
TERRELL, ROBERTS andTHORNAL, JJ., concur.