538

Application of La Vern SPEER for a
Writ of Habeas Corpus.
Civ. No. 7493.

United States District Court
N. D. California, N. D.
April 5, 1957.

La Vern Speer, Represa, in pro. per., for petitioner.

Doris H. Maier, Deputy Atty. Gen., of the State of Cal., for respondent.

HALBERT, District Judge.

Petitioner has heretofore filed with this Court a petition for a writ of habeas corpus challenging his custody by the Warden of the California State Prison at Folsom. There appearing to be sufficient cause, this Court issued an order to show cause on January 11, 1957, ordering the respondent, Robert A. Heinze, Warden of the California State Prison at Folsom, to show cause why a writ of habeas corpus should not be issued. On January 18, 1957, respondent filed a return to the order to show cause and a motion to dismiss. On January 31, 1957, petitioner filed a traverse to the respondent's return and motion to dismiss. No further pleadings were filed by respondent, who elected to rest upon the record thus made. The Court, after full, complete and careful consideration of the records of this case, the written arguments, and the cited authorities, is now prepared to, and will, render its decision.

The Court does not feel that it is necessary at this time to reach the issues sought to be raised by petitioner for the reason that the facts surrounding petitioner's custody, which were omitted by petitioner in his petition, but which were subsequently disclosed by the records in this case, are sufficient to warrant a dismissal of the petition. In his petition, petitioner alleged that he is being confined in the state prison *only* under and by virtue of the sentence and conviction which he is now attacking. The records conclusively reveal a contrary state of facts.

The purpose of habeas corpus proceedings is to determine whether a petitioner is being lawfully detained at the time of the filing of the proceeding, and a prisoner has no right to the writ unless he is entitled to an immediate release. Wall v. Hudspeth, 10 Cir., 108 F.2d 865. It is a well established rule of law that where a petitioner in a habeas corpus proceeding is restrained by reason of two sentences, either of which considered independently is valid, and would not as yet have expired at the time of the presentation of the petition, petitioner is entitled to no relief, for there is no authority in the law which authorizes the judicial determination in such a proceeding of the questions which cannot at that time affect the lawfulness of the custody and detention of petitioner. McNally v. Hill, 293 U.S. 131, at page 137, 55 S.Ct. 24, 79 L.Ed. 238; Lee v. Swope, 9 Cir., 225 F.2d 674; Woollomes v. Heinze, 9 Cir., 198 F.2d 577; and Oddo v. Swope, 9 Cir., 193 F.2d 492.

It appears from the record that petitioner was convicted of robbery in the first degree while armed with a deadly weapon on May 24, 1949, in the Kern County Superior Court. On June 21, 1949, petitioner was convicted in the Kern County Superior Court of escape from the custody of an officer, Penal Code of the State of California, § 4532(b). He was received at the California State Prison at San Quentin on June 22, 1949, and thereafter was transferred to the California State Prison at Folsom, at which place he is now imprisoned.

The judgment of conviction on the escape charge decreed that the sentence would run consecutively with "any other sentence being served by the said defendant La Vern Speer". The term of imprisonment fixed for petitioner by the Adult Authority at the meeting when said term was last considered (October 25, 1955) is 10 years for the Kern County Robbery and ½ year for the Kern County escape to run consecutive with the robbery term,

making the total term of imprisonment 10½ years. At present, petitioner's discharge date is December 22, 1959.

Petitioner is not now attacking the escape conviction. Respondent, in his return to the order to show cause, contends that petitioner would not be entitled to immediate release from prison even if the Court were to determine that the robbery conviction was invalid for the reason that petitioner would remain validly imprisoned on the escape conviction, which carries a maximum sentence of ten years. Petitioner, in his traverse, however, takes the position that since he has already served 7½ years of the 10½ year term, the ½ year term for the escape conviction has been completed and he would be entitled to immediate release if the robbery conviction was declared invalid.

The issue thus presented is whether, for the purposes of determining whether petitioner would be entitled to immediate release from the penitentiary if the Court were to hold the robbery conviction invalid, this Court should use the term of consecutive sentences set by the Adult Authority or the statutory maximum as a basis. If the term set by the Adult Authority is to be considered as the basis, then an additional issue is posed; to-wit, whether, because the sentences are consecutive, the ½ year term for the escape conviction is to be taken literally as standing alone, or to be construed in the light of the ten year sentence set for the robbery conviction.

■■ For the purpose of sentence determination and redetermination, a prisoner under consecutive sentences in the State of California is considered to be undergoing a single, continuous term of confinement, In re Cowan, 27 Cal.2d 637, 166 P.2d 279. The California Supreme Court further explained its concept of a consecutive sentence in the case of In re Byrnes, 32 Cal.2d 843, 198 P.2d 685. Implicit in the Court's reasoning is the basic understanding that the Adult Authority determines the length of a consecutive sentence not by mathematically allocating a given number of years to each offense, but rather by taking a composite view of all the offenses and innumerable other factors. Hence, it might well be said with logical propriety, that in the case at bar, the Adult Authority ascribed a ½ year term for petitioner's escape conviction on the condition that he serve at least ten years for the robbery conviction.

■ While petitioner could not lawfully be confined for 10½ years on the escape conviction alone, he, on the other hand, has not yet served the period of time for which he might lawfully be confined on that conviction either. And the law in California is clear that until such time as the period of lawful confinement has expired (i. e. the statutory maximum), a prisoner has no vested right to have the term of imprisonment, which he is serving, fixed or *remain* fixed at less than the maximum term prescribed by law. In re Smith, 33 Cal.2d 797, 804, 205 P.2d 662; cf. Phyle v. Duffy, 34 Cal.2d 144, 160, 208 P.2d 668 [concurring opinion of Justice Traynor]; cf. In re Drake, 38 Cal.2d 195, 197, 238 P.2d 566; and In re Spaulding, 8 Cal.App.2d 497, 48 P.2d 133, holding that even if the term set by the Board of Prison Terms and Paroles is in excess of the statutory maximum, a habeas corpus petitioner cannot attack such a term until the maximum term set by law has expired.

■ On the basis of the foregoing discussion, the nature of the consecutive sentence in California does not permit the conclusion that petitioner has already served the ½ year term on the escape conviction so as to entitle him to immediate release if the robbery conviction were declared invalid, for it cannot be said that the Adult Authority would have fixed the escape term in this manner in the absence of the robbery term. Until such time as the petitioner has served the maximum term allowed by law for the escape conviction, or until such time as the Adult Authority determines that petitioner is entitled to be released on the escape conviction, this Court cannot

substitute its judgment for the Adult Authority by holding that petitioner is entitled to an immediate release if his robbery conviction is invalidated.

It is, therefore, ordered that petitioner's petition for a writ of habeas corpus be, and the same is, hereby dismissed.