## FLANNIGAN v. CHAPMAN & DEWEY LAND CO.

(Circuit Court of Appeals, Eighth Circuit. March 10, 1906.)

No. 2,162.

1. TAXATION—TAX SALES—CONFIRMATION OF TITLE—DECREE—PRESUMPTIONS.

Where a decree has been entered confirming a tax title, it must be conclusively presumed, so long as the decree stands, that all of the proceedings which culminated in the tax title were in due conformity with the law.

2. PLEADING—MATTERS OF FACT OR CONCLUSIONS.

A bill to set aside a decree confirming a tax title, merely alleging that the decree was null and void and inoperative to cure the defects, irregularities, and illegality in the tax title, without specifying particularly the defects relied on, is insufficient.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 12, 17.]

3. SAME—JURISDICTIONAL DEFECTS.

Where, under the general rules of common law, or by express statutory provision, the existence of some particular fact must be established at the trial to enable the court having cognizance of such cases to pronounce judgment in favor of one party or the other, the erroneous conclusion of the court in respect thereof is merely an error, and not a jurisdictional defect.

4. SAME—BILL—KNOWLEDGE OF FACTS—LACHES.

Where complainant did not purchase certain land which had been sold for taxes until several years after a decree confirming the tax title had been rendered, and did not institute a suit to cancel such decree until more than six years after its rendition, his bill then filed, which failed to charge that his predecessors in title did not know or learn of the matters alleged in the bill to invalidate the title in time to appear and assert the same in the suit brought to confirm the title, was fatally defective.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Flannigan exhibited a bill in equity against the Chapman & Dewey Land Company to secure the annulment of a decree of the chancery court of Mississippi county, Ark., confirming a tax title to certain lands. The decree of confirmation had been obtained by one Boynton, who then held the tax title, and who afterwards conveyed to the land company. The decree was attacked by (1) a general averment that it was null and void and inoperative to confirm and cure the defects, irregularities, and illegality in the tax sale; and (2) an averment that it was obtained by fraud and imposition practiced upon the state court by Boynton, by falsely representing to the court that he and those under whom he claimed title had paid the taxes upon the land for three consecutive years immediately prior to the application to confirm. An Arkansas statute provides that no confirmation of a tax sale of lands shall be decreed unless the petitioner or those under whom he claims have paid the taxes for at least two years after the expiration of the right of redemption, such payment to be three consecutive years immediately prior to the application to confirm, and that the petitioner must make proof of such payment at the trial. Kirby's Dig. Ark. §§ 665–668. The Circuit Court sustained a demurrer to the bill and the complainant refusing to plead further, the bill was dismissed.

J. T. Coston, for appellant.

William S. Gilbert (Henry D. Ashley and Denton Dunn, on the brief), for appellee.

Before HOOK, Circuit Judge, and POLLOCK and CARLAND, District Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The chancery court of Mississippi county is a court of general jurisdiction, and is authorized by statute to entertain suits to confirm tax titles. There is no denial that it had jurisdiction of the subject-matter of the suit and of the parties thereto. So long as its decree stands, it must be conclusively presumed that all of the proceedings which culminated in the tax title were in due conformity with the requirements of the law. We therefore forbear further notice of the alleged defects in the tax proceedings, and turn to the attack upon the decree itself. Appellant avers generally in his bill that the decree is null and void, and is inoperative to cure the defects, irregularities, and illegality in the tax title. Such an averment is wholly insufficient. Ritchie v. McMullin, 159 U. S. 235, 241, 16 Sup. Ct. 171, 40 L. Ed. 133. To secure consideration the pleader should have specified particularly the defects he relied upon and believed to be fatal. He also avers that the decree was obtained by fraud and imposition practiced upon the state court, in that the petitioner in that proceeding falsely represented that he had paid certain taxes which the statute required he should pay to entitle him to a confirmation of his tax title. In this connection it is claimed that the payment of the taxes is a jurisdictional fact without the existence of which the state court had no power to proceed to decree.

In judicial proceedings there are always certain facts which are jurisdictional in the strictest sense, and upon the existence of which the judgment or decree wholly depends. As examples: The service of process upon the defendant within the jurisdiction of the court in a case in which a personal liability is sought to be established; the perfection of substituted service when property within the jurisdiction, but belonging to an absent defendant is sought to be taken or affected; a condition of facts presented which constitutes a subject-matter within the prescribed scope of the authority of the court to judicially consider. A more succinct statement of the rule is that before a court has power to proceed at all it must have jurisdiction of the subject-matter and of the person of the defendant. There are, however, other facts also jurisdictional, but in a qualified sense, and their existence must be alleged and proved to authorize the court to proceed with the cause and to render final judgment or decree. As to these the finding of the court is as conclusive as its finding with respect to any other matter in issue between the parties. Thus, while allegations and proof of the requisite diversity of citizenship or the pecuniary value in controversy in a federal court are essential to the jurisdiction, the finding of the court thereon cannot be questioned collaterally. Noble v. Railroad, 147 U. S. 165, 173, 13 Sup. Ct. 271, 37 L. Ed. 123. The rule is similar in this respect to that which governs the conclusiveness of the findings of the court upon the facts relating to the merits of the controversy and which do not in any sense pertain to its jurisdiction. Ordinarily

a fact does not become a jurisdictional one merely because the Legislature has declared that its existence must be shown to entitle a complainant to the relief sought. In every case of judicial cognizance a condition of fact must be made to appear as the foundation for a judgment or decree, and it matters not whether the requirement is of legislative origin or is drawn from the body of our general jurisprudence. Whether a fact is jurisdictional or not is determined by the essential character of the fact itself rather than by the source of the requirement that it be established.

The test of jurisdiction is whether the court has power to enter upon the inquiry. The jurisdiction of the subject-matter embraces the power to determine every issue or controverted question in the case within the scope of the authority of the court according to its own view of the law and evidence and it is not dependent upon the correctness of the conclusion which the court reaches. Where, under the general rules of the common law or by express provision of statute, the existence of some particular fact must be established at the trial to enable the court having cognizance of such cases to pronounce judgment in favor of one party or the other, an erroneous conclusion of the court in respect thereof is merely an error in the course of the proceeding, and is not a jurisdictional defect. These are familiar principles. Foltz v. Railway Co., 60 Fed. 316, 8 C. C. A. 635; Board of Com'rs of Lake County v. Platt, 79 Fed. 567, 25 C. C. A. 87; New Dunderberg Mining Co. v. Old, 79 Fed. 598, 25 C. C. A. 116; King v. McAndrews, 111 Fed. 860, 864, 50 C. C. A. 29.

There are dicta in decisions of the Supreme Court of Arkansas to the effect that in a suit under the statute to obtain the confirmation of a tax title the payment of the additional taxes by the tax title holder is regarded as a jurisdictional fact to be established in order to secure the decree. Assuming, however, without further discussion, that this is the correct theory, the fact of such payment is not jurisdictional in the strictest sense, and the finding of the court thereon in the passing of its decree is, like its finding upon any other fact in issue, conclusive, until sufficient grounds are shown to overthrow it. As was observed by that court in Boynton v. Ashabranner (on rehearing, November 11, 1905) 91 S. W. 20:

"Any other view of the law would permit the retrial of the question whenever either party sees fit to tender the issue anew, and the final adjudications of the courts of competent jurisdiction would rest upon a slender thread."

Though it be true, therefore, that the fact in respect of which the alleged fraud was committed is jurisdictional in the sense that diversity of citizenship is regarded as jurisdictional in the courts of the United States, there is nevertheless a fatal defect in Flannigan's bill of complaint which precludes him from obtaining the cancellation of the decree of the state court. Flannigan did not institute his suit to cancel the decree of the state court confirming the tax title until more than six years had elapsed after its rendition. It was several years after the decree was rendered that Flannigan purchased from the defendants therein. He nowhere avers in his bill of complaint that the defendants in the suit in the state court, his

predecessors in title, did not know 'or learn of the matters now com·· plained of in time to appear and assert their objections to the confirmation of the tax title.

In Cragin v. Lovell, 109 U. S. 194, 3 Sup. Ct. 132, 27 L. Ed. 903, it was held that a bill in equity could not be maintained to avoid a judgment rendered on default in an action at law by a Circuit Court of the United States upon the ground that the plaintiff in that action invoked the jurisdiction of the court by falsely and fraudulently alleging that the parties thereto were citizens of different states unless the complainant also averred that the falsity of the allegation was unknown before judgment. A demurrer to the bill was sustained. And in State v. Hill, 50 Ark. 458, 462, 8 S. W. 401, it was held that one who was aggrieved by a judgment rendered in his absence must show not only that he was not summoned, but also that he did not know of the proceeding in time to make defense in order to get relief in equity.

For aught that appears in this case the defendants in the proceeding in the state court were fully and seasonably advised of the pendency thereof, and of all the matters which their vendee now relies upon to overthrow the final decree then rendered.

The decree of the Circuit Court is affirmed.