## McFADDEN v. UNITED STATES.
### No. 4837.

Circuit Court of Appeals, Seventh Circuit.
Feb. 2, 1933.

Charles N. Goodnow and Walter Duft, both of Chicago, Ill., for appellant.

Dwight H. Green, U. S. Atty., and Eugene A. Tappy, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant, on trial with his two codefendants, was convicted on the nuisance count alone of an indictment charging them with various infractions of the National Prohibition Law (27 USCA).

The record discloses that at the inception of the trial the following took place:

"The Court: Pleas are not guilty?

"Mr. Goodnow (appellant's attorney): Yes, they are.

"Mr. Tappy (Asst. U. S. Attorney): Waive the jury?

"Mr. Goodnow: We waive the jury.

"Mr. Goodnow: If the Court please, I want to ask for the exclusion of the witnesses.

"The Court: Oh, I am not so sure, I think I have one of your men convicted right here, (indicating) after the evidence is in if they all plead not guilty.

"Mr. Goodnow: If your Honor please, I want to ask leave once more for the exclusion of the witnesses.

"The Court: Oh, no, it is not necessary in this case.

"Mr. Goodnow: Well, I will take an exception."

During the testimony of the government's first witness, a prohibition agent, this transpired:

"The Court: The two men who were with the two women customers turned out to be Prohibition agents. That was right, was it not? A. Yes, sir.

"The Court: That is my opinion. I say that is my opinion. It came to me in confidence. I am not going to offer it as evidence or to the District Attorney, but the defendant it relates to may be wanted for perjury because the letter comes from an authentic source. There are three defendants?"

Assuming as we do that these colloquies indicated the judge's state of mind with reference to an unnamed one of the three defendants, the judge ought not to have presided at the trial, but should have sent the case to some other judge to whom this conclusively incriminating evidence had not, in advance of the trial, been thus exclusively confided.

Without considering other questions discussed in briefs or argument, we feel that in all fairness this judgment against appellant should not be permitted to stand.

Judgment reversed, and the cause remanded for a new trial.