**VIGORETTI v. HILL, Warden.**

No. 81.

District Court, M. D. Pennsylvania.

April 20, 1936.

On Rehearing Sept. 12, 1936.

Francis D. Saitta, of Brooklyn, N. Y., and John H. Bigelow, of Hazleton, Pa., for petitioner.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by Gabriel Vigoretti, an inmate of the United States Northeastern Penitentiary, at Lewisburg, Pa.

Petitioner was indicted for violation of the National Motor Vehicle Theft Act (18 U.S.C.A. § 408) and also for conspiracy to violate the same act. The indictment laid the commission of the offenses within the "Borough of Brooklyn, County of Kings, City, State, and Eastern District of New York," and within the jurisdiction of the District Court for the Eastern District of New York. Petitioner was tried by the court and a jury, found guilty on counts 16, 17, and 19 of the indictment, sentenced to five years on count 16, five years on count 17, to run consecutively, and sentence was suspended on count 19. The judgment of the District Court was affirmed in U. S. v. Vigorito (C.C.A.) 67 F.(2d) 329, and certiorari was denied in Vigorito v. U. S., 290 U.S. 705, 54 S.Ct. 373, 78 L.Ed. 606.

The petitioner does not contend that the indictment was insufficient or that it did not charge the commission of offenses within the jurisdiction of the court. He does not contend that the offenses charged were not crimes under the laws of the United States or that the trial court had no jurisdiction to try crimes of that kind. He does not contend that the court did not have jurisdiction over the person of the petitioner or that it did not have power to consider his guilt or innocence and, for that purpose, to investigate and determine the truth of the charges and the sufficiency of the evidence.

The contention of the petitioner is that the record of the trial fails to disclose affirmatively any evidence of the commission of a crime by the petitioner within the territorial jurisdiction of the trial court, and that the court therefore was without jurisdiction to impose sentence. If there were no evidence, the judgment of the court was not void for want of jurisdiction, but merely erroneous. The remedy for such error is by an appeal and not by the writ of habeas corpus, since the court in habeas corpus proceedings cannot review the evidence taken at the trial. It has been repeatedly held that a writ of habeas corpus cannot be used as a writ of error or for a review of the evidence taken at the trial. U. S. ex rel. Gallivan v. Hill (C.C.A.) 70 F.(2d) 840.

The writ of habeas corpus calls into question only the jurisdiction of the court whose judgment is challenged. That is, the court examines only the power and authority of the trial court to act, not the correctness of its conclusions. "The test of jurisdiction is whether the court has power to enter upon the inquiry. The jurisdiction of the subject-

matter embraces the power to determine every issue or controverted question in the case within the scope of the authority of the court according to its own view of the law and evidence and it is not dependent upon the correctness of the conclusion which the court reaches. Where, under the general rules of the common law or by express provision of statute, the existence of some particular fact must be established at the trial to enable the court having cognizance of such cases to pronounce judgment in favor of one party or the other, an erroneous conclusion of the court in respect thereof is merely an error in the course of the proceeding, and is not a jurisdictional defect." Flannigan v. Chapman & Dewey Land Co. (C.C.A.) 144 F. 371, 373. And so it is held "that a court upon which is conferred jurisdiction to try an offense has jurisdiction to determine whether or not that offense is ·charged or proved. Otherwise every judgment of conviction would be subject to collateral attack and review on habeas corpus on the ground that no offense was charged or proved." Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 524, 69 L.Ed. 1036.

An argument similar to the one here was made in Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann.Cas. 849, where it was contended that an examination of the bill of exceptions disclosed that the alleged conspiracy was not formed in the Northern District of Florida as laid in the indictment; that there was a total lack of evidence to connect petitioners with such conspiracy. The Supreme Court of the United States, after stating that a writ of habeas corpus cannot be made to perform the office of a writ of error, said, 218 U.S. 442, at page 448, 31 S.Ct. 44, 47, 54 L.Ed. 1101, 21 Ann.Cas. 849: "If such would be its effect, then this court could readily be converted into an appellate court in criminal proceedings,—a jurisdiction denied to it by the statute. No attack can be successfully made upon the right and authority of the circuit court of the United States to take jurisdiction of the offense charged in the indictment. No objection is made to the constitutionality of the statute, or the right and authority of the court to consider and determine the guilt or innocence of the accused, and for that purpose to weigh and determine the effect of the testimony offered. The contention is that, in the respects pointed out,

the testimony wholly fails to support the charge. The attack is thus not upon the jurisdiction and authority of the court to proceed to investigate and determine the truth of the charge, but upon the sufficiency of the evidence to show the guilt of the accused. This has never been held to be within the province of a writ of habeas corpus. Upon habeas corpus the court examines only the power and authority of the court to act, not the correctness of its conclusions."

And now, April 20, 1936, the petition for a writ of habeas corpus is dismissed, and the writ is discharged.

### On Reargument.

■ After the opinion and order of this court was rendered on April 20, 1936, a reargument was granted on motion of counsel for petitioner. The question involved is whether this court, in a habeas corpus proceeding, has the power to examine the evidence taken at the trial, to determine whether there. was evidence disclosing the commission of a crime within the territorial jurisdiction of the trial court. The evidence taken at the trial is no part of the record into which a court may look when the judgment is collaterally attacked on the ground of want of territorial jurisdiction. A bill of exceptions stating all the evidence "is only a part of the record in direct proceedings on error for the examination of a reviewing court, and can never be considered in habeas corpus to test the validity of the judgment." In re Haskell (C.C.) 52 F. 795, 798. See, also, Ex parte Lamar (C.C.A.) 274 F. 160; Walsh v. Archer (C.C.A.) 73 F.(2d) 197.

In the case of Ex parte Mayfield, 141 U.S. 107, 11 S.Ct. 939, 35 L.Ed. 635, relied upon by the petitioner, certain facts which were held to take the case out of the court's jurisdiction were admitted by the District Attorney who tried the case, which admission also had the approval of the District Judge. No such admission is made in this case. "The power to inquire into facts outside the record, allowed under some circumstances (Ex parte Mayfield, 141 U. S. 107, 116, 11 S.Ct. 939, 35 L.Ed. 635), cannot be extended to such as are inconsistent with the record." Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 556, 67 L.Ed. 1009. Facts, if there be any, showing the commission of the crime outside of the territorial jurisdiction of the trial court, would contradict the record before the court and,

therefore, cannot be examined in a collateral proceeding. The indictment laid the commission of the offense within the jurisdiction of the trial court, and whether there was any evidence to support that allegation was a question of law for the trial court, and if there was evidence, a question of fact arose for the jury. In either event, the remedy for error was a motion for new trial or appeal; habeas corpus is not the remedy.

And now, September 12, 1936, the petition for a writ of habeas corpus is dismissed and the writ of habeas corpus discharged.