## VIGORETTI v. HILL, Warden.
### No. 91.

District Court, M. D. Pennsylvania.
Feb. 27, 1937.

Francis D. Saitta, of Brooklyn, N. Y., and John H. Bigelow, of Hazleton, Pa., for petitioner.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition for a writ of habeas corpus by Gabriel Vigoretti on the ground that the trial court "lost jurisdiction" during the course of the proceeding.

The petitioner heretofore sought release on habeas corpus contending that the

trial court "lacked jurisdiction" because the record fails to disclose affirmatively the commission of a crime within the territorial jurisdiction of the trial court. The case was then carefully considered after a full hearing and reargument. The opinion Vigoretti v. Hill, Warden (D.C.) 16 F. Supp. 41, set forth the facts in full and held that the evidence taken at the trial is no part of the record to be considered in a habeas corpus proceeding.

In the present case, the petitioner concedes jurisdiction to enter upon the trial, but contends that the trial court "lost jurisdiction." To determine this the court must examine the evidence taken at the trial. Therefore the legal question is the same as in the former case, whether this court can examine the evidence taken at the trial.

 Venue is an element to be established by evidence at the trial of a case and there is properly no question of "loss of jurisdiction." On appeal the question is whether the proof sustained the indictment.' U. S. v. Clein (D.C.) 189 F. 201; Wallace v. U. S. (C.C.A.) 243 F. 300, 305. It has been held that the objection that venue was not proved cannot be raised for the first time in the appellate court. Tuckerman v. U. S. (C.C.A.) 291 F. 958, 967. Certainly then a question of proof· which is the subject of an appeal cannot be raised for the first time in a collateral attack by habeas corpus.

■ The question of the locus of a crime involves considerations of the evidence. It is a question for determination by the trial court and jury and cannot be reviewed on habeas corpus. In Walsh v. Archer (C.C.A.) 73 F.(2d) 197, at page 199, the court said: ` "Whether the location of the alleged crime was upon the high seas and exclusively within the jurisdiction of the· United States required consideration of many facts and seriously controverted questions of law, including the alleged error involving the jurisdiction of the court. * * * This error, if, error it was, did not render the judgment void, but was, at the most, one which could have been corrected on appeal. This is likewise true of any other alleged error. The court had jurisdiction of the petitioner, and, by virtue of the statute, of the crime of murder committed on the high seas, as charged in the indictment. Whether the locus of the crime charged was within the jurisdiction of the trial court was a matter for the determination of the court and the jury. We have no authority to review that determination on habeas corpus." On habeas corpus the conclusive presumption is that the proof sustained the charge. Norton v. Zerbst (C.C.A.) 83 F.(2d) 677, 678.

The present writ of habeas corpus must be discharged for the reasons set forth in Vigoretti v. Hill (D.C.) 16 F.Supp. 41, and the additional reasons set forth above.

And now the petition for a writ of habeas corpus is dismissed and the writ of habeas corpus is discharged.