## SHOUSE v. HIATT, Warden.

### No. 148.

District Court, M. D. Pennsylvania.

Aug. 4, 1943.

No appearances entered.

JOHNSON, District Judge.

The petitioner seeks release from the Federal Penitentiary at Lewisburg, Pennsylvania, where he is serving a term of imprisonment of twenty (20) years, imposed by the District Court in and for the Eastern District of Kentucky.

The petitioner relies upon four propositions in support of his petition as follows:

1. That the trial court erred in refusing the petitioner a separate trial.

2. The trial court erred in allowing evidence to be admitted that was obtained before petitioner had been formally arraigned before a commissioner, and under this same heading alleges that he was forced by arresting officers to accompany them to the scene of the crime where he was viewed by "people on the street, and by prospective jury members before he had been formally charged with the actual crime".

3. That no part of the evidence presented at trial implicated the petitioner in any manner.

4. That the petitioner did not receive a fair and just trial.

It is apparent that petitioner seeks by this proceeding for a review of alleged errors which petitioner claims took place during his trial. This cannot be done. The sufficiency of the evidence to support a conviction is not open to review in habeas corpus proceedings. Pope v. Huff et al. 73 App.D.C. 170, 117 F.2d 779.

Petitioner relies upon the recent opinion of the Supreme Court in McNabb et al. v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. ——, in which the Supreme Court reversed the conviction based upon a confession, which, in the opinion of the Supreme Court, had been obtained improperly.

Petitioner has misunderstood the application of the McNabb case, which was an appeal in a criminal case. Appeal is for the purpose of review. Habeas corpus proceedings are not for that purpose. Harlan v. McGourin, Marshal, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101, 21 Ann. Cas. 849.

Now therefore, the petition for a writ of habeas corpus is dismissed and the writ denied.