## UNITED STATES v. LOWREY.

### Cr. No. 12661.

District Court, W. D. Pennsylvania.
April 26, 1948.

Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., for plaintiff.

James Edgar Lowrey, pro se.

FOLLMER, District Judge.

The defendant was convicted of transporting a car from Greensburg, Pennsylvania, to Wheeling, West Virginia, knowing the same to have been stolen. He now, appearing pro se, moves for a new trial on a number of grounds which may be briefly stated as follows:

1. The trial judge did on September 9, 1947, "express his opinion; on a petition for a Writ of Habeas Corpus; Said Writ was granted in favor of the petitioner."

2. Double jeopardy.

3. Did not have counsel of his own choosing.

4. Counsel did not have time to prepare case.

5. Government witnesses were prejudiced and gave false testimony.

This defendant was originally sentenced on this same charge (Information No. A-5815) in the District Court of the United States for the Northern District of West Virginia on a plea of guilty. He was committed to the United States Penitentiary at Lewisburg, Pennsylvania. While serving this sentence he filed a petition for a Writ of Habeas Corpus in the District Court of the United States for the Middle District of Pennsylvania. A hearing was set and testimony taken before the writer hereof. In this habeas corpus proceeding an order was made September 9, 1947, directing his discharge from the Penitentiary with a provision for notice to the Northern District of West Virginia in order that they might have him returned to that District for trial.[1]

He was accordingly so returned to the Northern District of West Virginia, where

---

[1] Lowrey v. Hiatt, D.C., 73 F.Supp. 8.

on November 7, 1947, he was re-indicted, to No. A-5989. On November 19, 1947, the defendant was presented in open court and upon inquiry by the court as to whether or not he was represented by counsel, defendant replied that he was not then so represented but that he was able to and would engage counsel, whereupon he was given until November 24, 1947, to secure the service of counsel, to which day the further prosecution of the case was continued. On November 24, 1947, defendant appeared in court with his counsel and requested a continuance until November 26, 1947, which was granted. On November 26, 1947, defendant moved that his case be transferred to the Western District of Pennsylvania under Federal Criminal Procedure Rules, 18 U.S.C.A. following section 687. On December 10, 1947, defendant moved that the Government elect as to which case (No. A-5815 on Information, No. A-5989 on Indictment) it wished to pursue, identical offenses being charged in both cases. On December 22, 1947, the Government indicated its election to proceed against defendant in Criminal Case No. A-5989, and the defendant renewed his motion that the case be transferred for trial to the Western District of Pennsylvania. The Government announcing that it would not resist the motion for transfer, the court immediately ordered that the case be transferred to the Western District of Pennsylvania for further proceedings.

The District Court of the United States for the Western District of Pennsylvania having thereupon assumed jurisdiction the defendant was removed to Pittsburgh in said District.

On January 14, 1948, the defendant was presented in open court at Pittsburgh for the purpose of ascertaining whether the defendant desired the assistance of counsel. Upon inquiry by the court, defendant stated that he was not in a position to secure counsel and desired the court to appoint counsel for him. He was advised that the case would be tried at Erie, in said District, during the March 1948 term. The court then in great detail and with infinite patience reviewed the proceedings in West

Virginia on the original information, the effect of the order of the Court in the habeas corpus proceeding, and the rights of the defendant as to counsel and the production of witnesses in the instant proceeding. The defendant stated that he "understood it all." The court immediately appointed an attorney at Pittsburgh and one at Erie to represent him. These were rejected by defendant as was a third attorney later appointed by the court. A fourth attorney, suggested by defendant, was designated by the court, but was unable to appear. The court finally appointed a fifth attorney from Erie, who accepted the appointment.

With this representation the case was called before the writer at Erie, Pennsylvania, March 15, 1948. Before arraignment, the Court asked defendant whether he was satisfied with his attorney and he replied that he was. He was then arraigned and no request having been made for a continuance or for the production of witnesses, the jury was drawn and sworn, the trial proceeded, and a verdict of guilty was returned, after which the defendant was immediately sentenced.

 The defendant apparently feels that the trial judge should have disqualified himself because he had previously heard and disposed of the habeas corpus proceedings in connection with the sentence imposed in West Virginia on Information No. A-5815. The opinion in that proceeding was in favor of the defendant. It is evident that the defendant believes that the information secured in the habeas corpus proceeding would of necessity form the basis of a bias and prejudice that would preclude an impartial attitude on the part of the Court. It is well settled that bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case.[2] To hold otherwise would bar any judge from presiding at a retrial granted by him merely because he heard some of the facts in a previous trial. This reason is without merit.

 The defendant has not been placed in double jeopardy. In Stroud v. United

---

[2] Berger v. United States, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481.

States, 251 U.S. 15, 18, 40 S.Ct. 50, 51, 64 L.Ed. 103, the Court said: "* * * the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution." In King v. United States, 69 App.D.C. 10, 98 F.2d 291, 295, it is further pointed out that "It can make no difference whether the error which avoids the first sentence goes to the conviction, as it did there, (referring to Stroud v. United States, supra) or to the sentence alone, as it does here."

Finally, the Court is aware of no suggestion of prejudice or perjury on the part of the Government witnesses. This reason is also completely without merit.

Defendant has been accorded every consideration and his rights have been carefully protected. As a result of the habeas corpus proceedings his plea of guilty was set aside and he was afforded the opportunity for a jury trial. Upon his ensuing request for a change of venue, the trial was transferred from the Northern District of West Virginia to the Western District of Pennsylvania. In the latter District the court, with extreme patience, appointed for him five different attorneys before one was found that was acceptable to him. He was ably represented, fairly tried and very properly convicted.

New trial is refused.