UNITED STATES of America,
Appellee,

v.

Herman KRAVITZ, Appellant.

No. 13774.

United States Court of Appeals
Third Circuit.

Argued March 9, 1962.

Decided June 1, 1962.

Rehearing Denied June 26, 1962.

Stanford Shmukler, Philadelphia, Pa. (Angelo D. Malandra, Camden, N. J., on the brief), for appellant.

Richard A. Levin, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Appellant is a federal prisoner who is serving a ten year sentence for income tax evasion. Proceeding under Section 2255 of Title 28 United States Code, he has asked the District Court for the District of New Jersey, where he was tried, to set aside his conviction, alleging that his trial was fundamentally unfair. The court dismissed his petition without taking testimony. The prisoner has appealed.

■ Appellant's first contention requires only brief discussion. He argues that his trial was unfair because the trial judge had read a presentence report, containing information prejudicial to the accused, before the case was actually tried.

The relevant facts are matters of record. The appellant originally entered a plea of guilty. Thereafter, in normal and proper course, a presentence report was prepared and presented to the judge for his use in deciding what sentence to impose. But on the day set for sentencing the accused sought permission, later granted, to withdraw his plea. Subsequently the indictment came on for trial to a jury with the same judge presiding.

The record shows that before the trial defense counsel knew the judge had received and read the presentence report. In fact, the judge spoke of having received the report in discussing with counsel the motion to withdraw the original plea of guilty. Yet, no request was made that the judge disqualify himself or assign the trial to a colleague.

■ More fundamentally, the mere fact that a judge knows something to the discredit of an individual does not in itself disqualify him from presiding over a trial at which a jury is to determine that person's guilt or innocence of crime. If the judge conducts the trial fairly and properly and does not communicate what he knows about the accused to the jury, there is no rational basis for a claim that the judge's knowledge of facts discreditable to the accused and not in the record has made the trial fundamentally unfair. It often occurs in cases involving recidivists, in new trials and in other situations that a judge who has derogatory information about the accused, which is not and should not be submitted to the jury, properly presides at a jury trial.[1]

■ Appellant's second principal contention is that at the trial the prosecu-

1. See United States v. Lowrey, 3 Cir. 1949, 172 F.2d 226, affirming per curiam on opinion of the trial court, W.D.Pa. 1948, 77 F.Supp. 301 (trial judge previously heard defendant's petition for habeas corpus, granting new trial; judge not disqualified from presiding at that new trial); United States v. Malinsky, S.D.N.Y.1957, 153 F.Supp. 321 (judge not disqualified by virtue of having read portions of transcript of prior mistrial held before another judge); cf. United States v. Perlstein, 3 Cir., 126 F.2d 789, 806, cert. denied, 1942, 316 U.S. 678, 62 S.Ct. 1106, 86 L.Ed. 1752 (a circuit judge presided at first trial of defendant, which conviction was thereafter reversed; this does not disqualify him from sitting on appeal from second conviction); United States v. Chrisos, 7 Cir., 291 F.2d 535, cert. denied, 1961, 368 U.S. 829, 82 S.Ct. 50, 7 L.Ed.2d 32 (judge presiding at Mann Act trial of panderer not disqualified merely because he had previously presided at trial at which prostitute was convicted, and had thereafter read presentence report on prostitute, whose credibility was important issue in panderer's trial). But cf. McFadden v. United States, 7 Cir. 1933, 63 F.2d 111 (judge disqualified from presiding at nonjury trial when he had read nonrecord information that caused him to prejudge guilt of one defendant). Compare Smith v. United States, 1959, 360 U.S. 1, 11, 17–18, 79 S.Ct. 999, 3 L.Ed.2d 1041 (concurring opinion) (error for trial judge to confer with F.B.I. agent regarding prisoner's background *before* plea is entered).

tion withheld information showing that a principal government witness stood to be rewarded by the dismissal of an indictment pending against him if he testified to the satisfaction of the prosecution and, therefore, was unworthy of belief.

Here again, the trial record is decisive. The witness in question, Joseph Abrams, had been indicted along with Kravitz, but a severance had been granted and his case remained pending when appellant was tried. Appellant contends that the prosecutor led the court and jury to believe that Abrams would in fact be tried when the prosecutor, pursuant to written authorization from his administrative superiors, contemplated the dismissal of the indictment against Abrams. It is not alleged that Abrams had been promised a favorable recommendation as to dismissal of the charges against him. Apparently, the argument is that the status of the pending indictment against Abrams, as known to him, was such as to induce or influence him to testify against Kravitz as a means of winning favorable disposition of his own indictment. But the facts which would justify such an inference were disclosed to the jury. Abrams himself testified about the pending indictments in a way that must have made entirely clear to the jury his understanding that he might gain by testifying against Kravitz in this case. More particularly, Abrams testified that he had been indicted in the Southern and Eastern Districts of New York as well as in New Jersey. He stated that there had been a proposal that he plead guilty to the New York charges and that the charges in the District of New Jersey not be prosecuted. He then added, "it is my understanding that the Justice Department agreed to this plan and at the last minute something took place". He amplified this, saying: "I understood that the United States Attorney in Newark, Mr. Ritger, refused to go along with this plan although the Justice Department had agreed to it. * * * [H]e would not nolle pros in New Jersey—would not agree to nolle pros in Jersey until after the trial of the Kravitz case". Thus, the witness himself disclosed very clearly the basis for an argument and an inference that he had a substantial interest in and hope of winning the favor of the prosecutor by his testimony in this New Jersey case. In this connection, there is no reason to infer that the prosecutor believed or had reason to believe that Abrams was perjuring himself in his testimony against Kravitz. Thus, there was no impropriety in offering his testimony, disclosing at the same time, as the prosecutor did, the bad criminal record of the witness with its implication as to his untrustworthiness.

■ Finally, the trial court was careful to instruct the jury concerning the possible untrustworthiness of Abrams both as an accomplice and as one who in the words of the charge, "still has criminal and civil tax problems to face in the future". Similarly, the prosecutor himself in addressing the jury scrupulously avoided any suggestion that Abrams was a man of good character. Rather, he said:

"Our production of Joseph Abrams doesn't mean we think he is a saint. When we put him on the witness stand we didn't put him on there with our blessings. I told you when I opened that Joseph Abrams had been convicted of embezzlement of government property and was serving time for embezzlement. I told you he had pleaded guilty to his own income tax return for having evaded taxes and was serving time for that.

"He testified on the stand he was serving 30 months for embezzlement and two years for the income tax concurrently. In addition, he is on probation for income tax evasion starting when he is released from the penitentiary."

The entire record considered, we think the jury was given a fair picture of the type of person Abrams was and of his interest in winning the favor of the

prosecution. Certainly, there was nothing in the prosecution's presentation or use of this witness to make it intolerable that this conviction stand.

The judgment will be affirmed.